# EXHIBIT A

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2373CV00120B

*Christopher Attles*, PLAINTIFF(S),

v.

*Rocket Mortgage, LLC*
*FKA Quicken Loans, LLC* DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO *Rocket Mortgage, LLC* . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.   **How to respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or Plaintiff, if unrepresented). You can do this by:

 a.   Filing or mailing your **signed original** Answer with the Clerk's Office for Civil Business, *MA 02740*
*Bristol Superior* Court, *441 County Street, 1st Fl, New Bedford, M* (address), by mail or in person, **AND**

 b.   Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: *15 Cottage Avenue, Ste. 202, Quincy, MA 02169* .

3.   **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons list under **Mass.R.Civ.P. 12.** If you are filing the Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at **www.mass.gov.courts/case-legal-res/rulesofcourt.**

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at **www.mass.gov/courts/selfhelp.**

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of you Answer or Motion to Dismiss.

Witness, Hon. Heidi E. Brieger, Chief Justice on _____, 20_____.

Jennifer A. Sullivan, Esq.
Clerk of the Courts

**NOTE:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _March 8_ , 20 _23_ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass.R.Civ.P. 4(d)(1-5)):

certified mail / return receipt

Dated: _March 8_ , 20 _23_     Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

#1 

# COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

**BRISTOL, ss**

| | | |
|---|---|---|
| CHRISTOPHER ATTLES | BRISTOL,SS SUPERIOR COURT FILED ) | 2373CV00120 B |
| *Plaintiff,* | FEB 28 2023 ) | |
| vs. | JENNIFER A. SULLIVAN, ESQ. CLERK / MAGISTRATE ) | **COMPLAINT** |
| ROCKET MORTGAGE, LLC FKA QUICKEN LOANS, LLC | ) | JURY TRIAL DEMANDED |
| *Defendant.* | ) | |

## COMPLAINT

## INTRODUCTION

1.      The Plaintiff, Christopher Attles, brings this action as described in the paragraphs set forth herein. This Complaint alleges that Defendant, Rocket Mortgage, LLC FKA Quicken Loans, LLC ("Rocket Mortgage"), breached of the terms of a certain mortgage noted herein, given by Plaintiff as secured by his real property located at 16 Oakland Avenue, Seekonk, MA 02771.  The Defendant breached the mortgage contract in violation of Mass Gen Laws Ch. 183 § 21 by sending a purported default and acceleration notice in accordance with the mortgage contract that failed to strictly comply with Paragraph 22 of the Mortgage.  Defendant's breach resulted in a void default notice pursuant to the terms to the mortgage and a void foreclosure notice under Mass Gen Laws Ch. 244 § 14.

2.      Plaintiff asks that this Honorable Court declare that the default notice sent to the Plaintiff as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made to the Plaintiff subsequent to such void default/acceleration notice be null and void, enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject

property and declare any foreclosure deed recorded subsequent to such void default/acceleration notice be null and void. Plaintiff also seeks declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendant's wrongful acts.

## JURISDICTION AND VENUE

3.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff reside at said subject property.

4. .    Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

## PARTIES

5.      Plaintiff Christopher Attles is a citizen of Massachusetts and the owner of the subject property located at 16 Oakland Avenue, Seekonk, MA 02771

6.      Defendant, Rocket Mortgage, LLC FKA Quicken Loans, LLC, is a residential mortgage servicing company, located at 1050 Woodward Avenue, Detroit, MI 48226. Plaintiff hereby challenges the validity of the default/acceleration notices sent by Rocket Mortgage as described in this Complaint and any resulting foreclosure initiated and conducted subsequent to such notice.

## ALLEGATIONS OF THE PLAINTIFF CHRISTOPHER ATTLES

7.      Plaintiff, Christopher Attles, resides at and claims to be the owner of real property located 16 Oakland Avenue, Seekonk, MA 02771, which is the subject property as referenced herein.

8.      On February 15, 2000, the subject property was granted to Plaintiff Attles. The Deed evidencing transfer of the ownership of the subject property was recorded in the Bristol Registry of Deeds in Book 8671 at Page 338 on February 15, 2000.

2

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

9.      On June 4, 2022, Plaintiff Attles granted a Mortgage loan, secured by the subject property,

in the amount of $308,000.00, which was recorded in the Bristol Registry of Deeds in Book 27935

at Page 24 on June 9, 2022. (the Attles Mortgage) The Mortgage identified Rocket Mortgage, LLC

as the Lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee.

10.     "It is well established that a mortgage and note are to be read together" Kattar v. Demoulas,

433 Mass. 1 (2000) nt. 7.   Thus, a note coupled with its security, ie. the mortgage, constitute one

contract for breach of contract purposes.   See Mayo v. Fitchburg & Leominster St. Ry., 269 Mass.

118, 121 (1929).

11.     "Although a mortgage and a note are separate entities in Massachusetts that can be split, it

has long been recognized that a mortgage ultimately depends on the underlying debt for its'

enforceability".  Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital LLC, 471 Mass. 248, 254

(2015); quoting Eaton v. Fed. Nat'l Mort. Ass'n., 462 Mass 569, 576, 578 n. 11(2012); citing

Crowley v. Adams, 226 Mass. 582, 585 (1917), Wolcott v. Winchester, 15 Gray 461 (1860), Howe

v. Wilder, 11 Gray 267, 269-270 (1858).

12.     The Attles Note states that [I]f Lender exercises the option to require immediate payment

in full, "Lender shall give Borrower notice of acceleration".

13.     The Attles Mortgage states at paragraph 22 as follows;

"22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
acceleration following Borrower's breach of any covenant or agreement in this
Security Instrument...The notice shall specify: (a) the default; (b) the action
required to cure the default; (c) a date, not less than 30 days from the date the notice
is given to Borrower, by which the default must be cured; and (d) that failure to
cure the default on or before the date specified in the notice may result in
acceleration of the sums secured by this Security Instrument and sale of the
Property. The notice shall further inform Borrower of the right to reinstate after
acceleration and the right to bring a court action to assert the non-existence of a
default or any other defense of Borrower to acceleration and sale. If the default is
not cured on or before the date specified in the notice, Lender at its option may
require immediate payment in full of all sums secured by this Security Instrument
without further demand and may invoke the STATUTORY POWER OF SALE and
any other remedies permitted by Applicable Law. Lender shall be entitled to collect

3

all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

14.     Paragraph 22 of the Attles Mortgage required that prior to acceleration and foreclosure the

Defendant were required to send Plaintiff Attles a Default Notice which informed Plaintiff Attles

that she had a "right to reinstate after acceleration". The "right to reinstate after acceleration"

contained in the Attles Mortgage is described in Paragraph 19 of the Mortgage as follows:

"19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred;* (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred.* However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

4

15.    On November 2, 2022, MERS assigned the Attles Mortgage to Rocket Mortgage.  Said

assignment was recorded in the Bristol Registry of Deeds in Book 28173 at Page 120 on November

3, 2022.

16.    On or about September 19, 2022, Defendant, Rocket Mortgage, allegedly sent to Plaintiff

Attles a form default/ right to cure letter which stated "after _____ " (the right to cure date/

acceleration date), "you can still avoid foreclosure by paying the total past due amount before a

foreclosure sale takes place . . . to avoid foreclosure".  This language purported to extended the

Plaintiff's right to reinstate after acceleration to "anytime" before the foreclosure. See Thompson

v. JP Morgan Chase Bank, NA., __ Mass. __ (2020).

17.    Contrary to the Plaintiff's unequivocal right to reinstate that was extended to "anytime"

before the foreclosure, the default/right to cure notice states on page 4 that "You may redeem the

property by paying the total amount due prior to the foreclosure sale." and "Rocket Mortgage, LLC

reserves the right to accept a partial payment of the total amount due without waiving its right to

proceed with foreclosure".

18.    Since the "total amount due" when the mortgage is accelerated is the accelerated amount

pursuant to the Plaintiff's right to redeem, this language is contrary to, waters down and infringes

upon the Plaintiff's unequivocal right to reinstate the mortgage by paying less the accelerated

amount "anytime" before the foreclosure.

19.    The above statement is additional and unnecessary language in the notice that is not in

strict compliance with the Plaintiff's mortgage because it may serve to water down, contradict or

nullify the Plaintiff's unequivocal right to reinstate her mortgage and to "still avoid foreclosure

may paying the total past due amount before a foreclosure sale takes place". See Fed. Nat'l Mortg.

Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017).

20.    Such ambiguous and unnecessary language gives the Defendant the power to delay acceptance of or reject the Plaintiff tender of payment pursuant to her unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage. Such language further serves to allow the Defendant to reject payment or continue to proceed enforcing her rights of acceleration and foreclosure if the Plaintiff tenders payment that is less than the whole accelerated balance in breach of the Plaintiff unequivocal right to reinstate and to "avoid foreclosure by paying the total past due".

21.    Defendant sent Plaintiff a purported acceleration notice that stated that the Plaintiff "*may have the right to reinstate the Mortgage*". The above statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiff's mortgage because it may serve to water down, contradict or nullify the Plaintiff's unequivocal right to reinstate her mortgage. Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017).

22.    Plaintiff alleges that the purported Default and Acceleration Notices sent by Defendant fail to fully and "properly" describe the Plaintiff's "right to reinstate after acceleration" as required by and detailed in Paragraphs 19 and 22 of the Mortgage

23.    the Defendant's notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. ch. 183 §21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

24.    The Defendant failed to provide the Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void. The Defendant's failure to strictly comply with Paragraph 22 of the Mortgage is a condition precedent to foreclosure under G. L. c. 244, § 14.

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

25.     Plaintiff alleges that the notices sent purporting to state compliance with paragraph 22 of
the Attles Mortgage failed to contain the required information as described in said paragraph 22,
contained a misleading, inaccurate and potentially deceptive statement.

26.     As such, the Defendant failed to provide the Plaintiff proper Notice of Default in breach of
the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the
terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure,
and sale void.

## COUNT I
## DECLARATORY JUDGMENT

27.   .  Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated
herein.

28.     Plaintiff alleges that no notice of default/ acceleration was sent to the Plaintiff and that the
notices sent purporting to state compliance with paragraph 22 of the Mortgage contained a
misleading statement that claimed "Rocket Mortgage, LLC reserves the right to accept a partial
payment of the total amount due without waiving its right to proceed with foreclosure".

29.     In addition, Defendant sent Plaintiff a purported acceleration notice that stated that the
Plaintiff *"may* have the right to reinstate the Mortgage".  The above statement is additional and
unnecessary language in the notice that is not in strict compliance with the Plaintiff's mortgage
because it may serve to water down, contradict or nullify the Plaintiff's unequivocal right to
reinstate her mortgage. Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017).

30.     As such, the Defendant failed to provide the Plaintiff a strictly compliant Notice of Default
in breach of her Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first
comply with the terms of the mortgage prior to exercising the power of sale, rendering any default
notice with the above described verbiage, as well as any acceleration, any foreclosure notice, any
foreclosure auction, and any foreclosure deed made subsequent to said void default notice void.

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

31.     Plaintiff respectfully asks that this Honorable Court declare that any said default letter notice containing misleading statements that claim or imply that "You may redeem the property by paying the total amount due prior to the foreclosure sale." and "Rocket Mortgage, LLC reserves the right to accept a partial payment of the total amount due without waiving its right to proceed with foreclosure" is null and void.

32.     Plaintiff asks that this Honorable Court declare that any such default/ acceleration notices sent to the Plaintiff as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said property of the Plaintiff subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject property.

33.     The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the attempted foreclosure, and the attempted mortgagee's foreclosure sale of the subject property are all void.

34.     The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in her property.

35.     The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

36.     The Plaintiff is entitled to be returned to her status and circumstances prior to the wrongful foreclosure and sales.

37.     The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## MORTGAGE POWER OF SALE

38.    Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated

herein.

39.    Massachusetts permits non-judicial foreclosure under the statutory power of sale contained

at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of

sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale",
> and may be incorporated in any mortgage by reference:
> (POWER)
> But upon any default in the performance or observance of the foregoing or other
> condition, the mortgagee or his executors, administrators, successors or assigns
> may sell the mortgaged premises or such portion thereof as may remain subject to
> the mortgage in case of any partial release thereof, either as a whole or in parcels,
> together with all improvements that may be thereon, by public auction on or near
> the premises then subject to the mortgage, or, if more than one parcel is then subject
> thereto, on or near one of said parcels, or at such place as may be designated for
> that purpose in the mortgage, **first complying with the terms of the mortgage
> and with the statutes relating to the foreclosure of mortgage by the exercise of
> a power of sale**, and may convey the same by proper deed or deeds to the purchaser
> or purchasers absolutely and in fee simple; and such sale shall forever bar the
> mortgagor and all persons claiming under him from all right and interest in the
> mortgaged premises, whether at law or in equity.

> (Emphasis added).

40.    As emphasized above, the foreclosure by power of sale requires that a foreclosing bank

must "comply [] with the terms of the mortgage…" G.L. c. 183, § 21.

41.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then

a foreclosure is void. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 428 (2014) ("Failure

to comply strictly with the power of sale renders the foreclosure void.").

42.    The mortgage given by Plaintiff, secured by the subject property states at 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action

9

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

43.     Paragraph 22 of the Mortgage requires that prior to acceleration and foreclosure the

Defendant is required to send the Borrowers a Default Notice which informs the Borrowers that

they have a "right to reinstate after acceleration". The "right to reinstate after acceleration"

contained in the Mortgage are described in Paragraph 19 of the Mortgage as follows;

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred;* (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred.* However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

44.     Plaintiff alleges that no notice of default/acceleration was sent to the Plaintiff and that the notices sent purporting to state compliance with paragraph 22 of the Mortgage contained a misleading statement that claimed that "You may redeem the property by paying the total amount due prior to the foreclosure sale." and "Rocket Mortgage, LLC reserves the right to accept a partial payment of the total amount due without waiving its right to proceed with foreclosure".

45.     In addition, Defendant sent Plaintiff a purported acceleration notice that stated that the Plaintiff "*may* have the right to reinstate the Mortgage". The above statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiff's mortgages because it may serve to water down, contradict or nullify the Plaintiff's unequivocal right to reinstate her mortgage. Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017).

46.     As such, there was no compliance with the terms of the mortgage which would have allowed the Defendant to exercise the statutory power of sale as indicated above.

47.     No proper Notice of Default was sent to Plaintiff in accordance with the terms of the mortgage.

48.     As a result, no acceleration letter could be sent to Plaintiff, nor could the mortgagee exercise the statutory power of sale on said mortgage.

49.     Pursuant to the terms of the Mortgage, compliance with the obligations of the Lender as set forth in paragraphs 19 & 22 of the Mortgage are condition precedents to the accelerations and the exercise of the statutory power of sale.

50.   Plaintiff thus never received an acceleration notice or Notice of Default pursuant to the terms of the Mortgage.

51.   Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Mortgage and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiff.

52.   As a result of the above noted improper and invalid attempted exercise of the statutory power of sale and purported foreclosure sale, Plaintiff's mortgage loan account was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in her monthly mortgage statements.

53.   The Plaintiff has incurred damages in hiring attorneys, in regard to the improper actions of Defendant in sending Notices of Foreclosure Sale and attempting to conduct a sale without first complying with the terms of the mortgage in violation of G. L. c. 183, § 21.

54.   The Plaintiff has incurred legal fees for the prosecution of this action as a result of Defendant's violation of G. L. c. 183, § 21 due to the breach of contract by Defendant as noted herein.

55.   Plaintiff has suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to losses of her property interest, higher principal balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

56.   The Defendant's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make her mortgage payments.

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

57.     Therefore, Plaintiff would not have suffered the harms as noted herein were it not for the

Defendant's breach of the mortgage contract as noted herein.

58.     The Defendant's failure to comply with the terms of the mortgage is in violation of G. L.

c. 183, § 21. The foreclosure is therefore void. <u>U.S. Bank Nat. Ass'n v. Ibanez</u>, 458 Mass. 637,

647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to");

59.     The Plaintiff is entitled to a declaratory judgment determining that the accelerations of all

sums due under the notes, the attempted foreclosure, and the attempted mortgagee's foreclosure

sale of the subject property are all void.

60.     The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and

interest in her property.

61.     The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful

foreclosure, together with additional damages.

62.     The Plaintiff is entitled to be returned to her status and circumstances prior to the wrongful

foreclosure and sales.

63.     The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution,

an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state

law.

## COUNT III
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

64.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

65.     As described above, the mortgage contract entered into by Plaintiff constitutes a valid offer.

66.     Upon Plaintiff executing the mortgage contract and giving it to her Lender, the Lender

accepted that offer.

67.     Alternatively, Plaintiff's execution of the mortgage contract thereby giving a security interest in her property to her Lender constitutes an offer. Acceptance of this offer occurred when Defendant accepted payments made by Plaintiff pursuant to the mortgage contract.

68.     The mortgage contract was supported by consideration. Plaintiff's payments to Defendant constitutes consideration.

69.     Plaintiff and Defendant thereby formed a valid contract and Plaintiff was, is, and remains ready willing and able to perform under said contract.

70.     Defendant breached the mortgage contract of Plaintiff by failing to keep its obligations pursuant to the terms as agreed to found at paragraphs 19 & 22 of the Mortgage which state in pertinent part;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.
>
> 19. Borrower's Right to Reinstate After Acceleration.  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security

Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred;* (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred.* However this right to reinstate shall not apply in the case of acceleration under Section 18."

    (emphasis added)

71.    In Massachusetts, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance.

72.    In Massachusetts, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed.

73.    In Massachusetts, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of paragraphs 19 & 22 of the mortgage is an obligation of the mortgagee. Failure send proper Notice of Default pursuant to paragraphs 22 & 19 as noted herein is a breach of mortgage contract renders any acceleration, attempted foreclosure, and sale of the subject property void.

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

74.    Plaintiff alleges that no proper notice of default acceleration was sent to the Plaintiff and that the notices sent purporting to state compliance with paragraph 22 of the Mortgage contained a misleading statement that claimed that "You may redeem the property by paying the total amount due prior to the foreclosure sale." and "Rocket Mortgage, LLC reserves the right to accept a partial payment of the total amount due without waiving its right to proceed with foreclosure".

75.    In addition, Defendant sent Plaintiff a purported acceleration notice that stated that the Plaintiff "*may* have the right to reinstate the Mortgage". The above statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiff's mortgages because it may serve to water down, contradict or nullify the Plaintiff's unequivocal right to reinstate her mortgage. Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017).

76.    As such, there was no compliance with the terms of the mortgage which would have allowed the Defendant to exercise the statutory power of sale as indicated above.

77.    No default letter was sent to Plaintiff pursuant to the terms of the mortgage. As such the Defendant could not exercise the statutory power of sale on her property.

78.    Pursuant to the terms of the mortgage proper Notices of Default is a condition precedent to acceleration and the exercise of the statutory power of sale.

79.    Plaintiff thus never received default acceleration notices pursuant to the terms of her mortgage.

80.    Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale, foreclose, and sell the subject property at mortgagee's foreclosure sale. These actions constituted breach of the contract, resulting in damages to the Plaintiff.

81.    As a result of the above noted improper and invalid exercises of the statutory power of sale and purported foreclosure sales, Plaintiff's mortgage loan account was charged fees and costs and

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in her monthly mortgage statements.

82.    The Plaintiff has incurred damages in hiring attorneys, in regard to the improper actions of Defendant in sending a Notice of Foreclosure Sale and seeking to conduct a sale without first complying with the terms of the mortgage in violation of G. L. c. 183, § 21 and in breach of the contract.

83.    Plaintiff has also incurred emotional injuries and damages due to the improper foreclosure of her homes without Defendant first complying with the terms of the mortgage and breach of contract.

84.    Plaintiff has incurred legal fees for the prosecution of this action as a result of Defendant's violation of G. L. c. 183, § 21 due to the breach of contract by Defendant as noted herein.

85.    Plaintiff has suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property interests, higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to her accounts, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

86.    The Defendant's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make her mortgage payments.

87.    Therefore, Plaintiff would not have suffered foreclosure, sale, or the harms as noted herein were it not for the Defendant's breach of the mortgage contract as noted herein.

88.    The Defendant's failure to comply with the terms of the mortgage are a breach of the mortgage contract and also are in violation of G. L. c. 183, § 21. The foreclosure is therefore void. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L.

Date Filed 2/28/2023 11:15 AM
Superior Court - Bristol
Docket Number

c. 183, § 21, must be strictly adhered to"); See also Paiva v. Bank of New York Mellon, USDC

Mass. 14-1453, August 11, 2015 (Burroughs, A.) ("Because the Court finds that Countrywide's

notice ... did not strictly comply with the requirements of paragraph [22] of the mortgage, the

foreclosure sale is void.").

89.     The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all

sums due under the notes, the foreclosure, and mortgagee's foreclosure sales of the subject

property are in breach of contract and all void.

90.     The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and

interest in her property.

91.     The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful

foreclosure, together with additional damages.

92.     The Plaintiff is entitled to be returned to her status and circumstances prior to any wrongful

acceleration, foreclosure and sale.

93.     The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution,

an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state

law.

Dated: February 24, 2023

> Respectfully Submitted, Plaintiff,
> By his Attorney,
> Todd S. Dion, Esq.
>
>  /s/ Todd S. Dion
> Todd S. Dion, Esq. (659109)
> 15 Cottage Avenue, Ste 202
> Quincy, MA 02169
> 401-965-4131 Cell
> toddsdion@msn.com

## VERIFICATION OF COMPLAINT

I, Christopher Attles, Plaintiffs in the above-captioned action, hereby depose and state that

I have read and subscribed to the foregoing compliant, and the facts set forth therein are based on

my own personal knowledge and are true and correct.

Signed under the penalties of perjury on February 24, 2023

/s/ Christopher Attles

Christopher Attles

19





U.S. POSTAGE PAID
ECM LG ENV
EAST GREENWICH, RI
02818
MAR 10, 23
AMOUNT
**$9.48**
R2305M143638-07

48226

RDC 99

7022 3330 0001 1276 7273

Rocket Mortgage, LLC
Attn: CEO
1050 Woodward Avenue
Detroit, MI 48226

**SENDER: *COMPLETE THIS SECTION***

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rocket Mortgage, LLC
Attn: CEO
1050 Woodward Avenue
Detroit, MI 48226



9590 9402 8101 2349 4367 19

2. Article Number *(Transfer from service label)*

7022 3330 0001 1276 7273

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X                                         ☐ Agent
                                          ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   sured Mail Restricted Delivery
   ver $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery